```
                       United States Bankruptcy Court
                       Western District of North Carolina
```

In re:                                                                    Case No. 17-30355-jcw
Marcus Berry                                                              Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

```
District/off: 0419-3          User: admin              Page 1 of 1              Date Rcvd: Jun 19, 2017
                              Form ID: 318             Total Noticed: 19
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 21, 2017.
```
db             +Marcus Berry,    1926 Pine Mountain Rd.,    Charlotte, NC 28214-7617
5436748        +AR Resources, Inc.,    3107 Spring Glenn Rd, Ste 214,    Jacksonville, FL 32207-5922
5436747        +Allied Collection Service,    1607 Central Ave.,    Columbus, IN 47201-5370
5436750        +Carolinas Healthcare System,    Patient Accounts,    Attn: Bankruptcy Accounts,    PO Box 32861,
                 Charlotte, NC 28232-2861
5436751         Chase Mortgage,    Attn: Customer Service Research,    Mail Code: OH4-7302,
                 Columbus, OH 43224-0696
5436754        +First Legacy Community Credit Union,    431 Beatties Ford Rd,    Charlotte, NC 28216-5331
5436757        +North Carolina Department of Revenue,    P.O. Box 871,    Raleigh, NC 27602-0871
5436761         SYNCB/Lowes,    P.O. Box 105972,    Atlanta, GA 30348-5972
5436758        +Sears,    PO Box 78051,    Phoenix, AZ 85062-8051
5436762        +Verizon Wireless,    Attn: Bankruptcy Dept.,    500 Technology Dr., Suite 550,
                 Weldon Spring, MO 63304-2225
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5436749         EDI: CAPITALONE.COM Jun 19 2017 18:28:00      Capital One,    Attn: General Correspondence,
                 P.O. Box 30285,    Salt Lake City, UT 84130-0285
5436753        +EDI: TSYS2.COM Jun 19 2017 18:28:00      DSNB Macys,    PO Box 8218,    Mason, OH 45040-8218
5436752         EDI: DISCOVER.COM Jun 19 2017 18:28:00      Discover Card Services, Inc.,
                 Attn: David Nelms CEO,    2500 Lake Cook Rd.,    Deerfield, IL 60015-3800
5436755         EDI: IRS.COM Jun 19 2017 18:28:00      Internal Revenue Service,
                 Centralized Solvency Operation,    PO Box 7346,    Philadelphia, PA 19101-7346
5436756        +EDI: NAVIENTFKASMSERV.COM Jun 19 2017 18:28:00      Navient,    PO Box 9655,
                 Wilkes-Barre, PA 18773-9655
5436905         EDI: NCDEPREV.COM Jun 19 2017 18:28:00      North Carolina Department of Revenue,
                 Bankruptcy Unit,    P.O. Box 1168,    Raleigh, NC 27602-1168
5436759         EDI: NEXTEL.COM Jun 19 2017 18:28:00      Sprint,    KSOPHT0101-Z4300,    6391 Sprint Parkway,
                 Overland Park, KS 66251-4300
5436760         E-mail/Text: bankruptcydept@ncsecu.org Jun 19 2017 18:26:26      State Employees Credit Union,
                 PO Box 29606,    Raleigh, NC 27626-0606
5454888        +EDI: RMSC.COM Jun 19 2017 18:28:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
                                                                                                TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5436904*       +Internal Revenue Service,    P.O. Box 7317,    Philadelphia, PA 19101-7317
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 21, 2017                                     Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 19, 2017 at the address(es) listed below:
```
              Kimberly A. Sheek    on behalf of Debtor Marcus  Berry kimberlysheek@sheeklawfirm.com,
               kimberlysheek@sheeklawfirm.com
              R. Keith Johnson    rkjtee@bellsouth.net, rkjohnson@ecf.epiqsystems.com
                                                                                             TOTAL: 2
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Marcus Berry** | Social Security number or ITIN   **xxx–xx–6628** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Western District of North Carolina**

Case number:   **17–30355**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Marcus Berry

6/19/17

**By the court:**   J. Craig Whitley
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**